IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AYDA NAVARETTE,

                    Plaintiff,                               CV No. 05-1827-AS

       v.                                          OPINION

                                              AND ORDER

NIKE, INC.,

                    Defendant.

_____

ASHMANSKAS, Magistrate Judge:

       This action arose from the termination of plaintiff, Ayda Navarette, by her former employer, defendant, Nike, Inc. ("Nike").  Currently before the court is Nike's Motion to Dismiss the fourth, fifth and sixth claims in which plaintiff seeks damages for wrongful discharge, reckless infliction of emotional distress and intentional infliction of emotional distress.  For the reasons that follow, Nike's motion  (docket No. 5) is GRANTED IN PART AND DENIED IN PART.

/ / /

/ / /

1 - OPINION AND ORDER

## BACKGROUND

Defendant moves to dismiss plaintiff's tort claims, asserting that: (1) plaintiff's wrongful discharge claim is precluded because she has adequate statutory remedies; (2) plaintiff's claim for reckless infliction of emotional distress is not recognized under Oregon law; and (3) the allegations are insufficient to state a claim for intentional infliction of emotional distress.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054, 107 S. Ct. 928, 93 L. Ed. 2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, California, 824 F.2d 735, 737 (9th Cir.1987).

## DISCUSSION

### I.    Wrongful Discharge

Nike asserts that plaintiff's common law wrongful discharge claim must be dismissed because it is precluded by her claim under 42 U.S.C. § 1981. Under Oregon law, the tort of wrongful termination is "an interstitial tort, designed to fill a remedial gap where a discharge would be left unvindicated." Dunwoody v. Handskill Corp., 185 Or. App. 605, 612, 60 P.3d 1135 (2003). After a comprehensive review of Oregon precedent, Judge Stewart observed that the tort was "never intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question was unacceptable and no other remedy was available."  Draper v. Astoria

2 - OPINION AND ORDER

Sch. Dist. No. 1C, 995 F. Supp. 1122, 1128 (D. Or. 1998), abrogated in part on other grounds,

Rabkin v. Oregon Health Sci. Univ., 350 F.3d 967 (9th Cir. 2003).  Considering Draper's exhaustive

analysis of relevant case law, many judges in this district have followed Judge Stewart's conclusion

that:

> "until the Oregon Supreme Court clarifies the governing standards a claim for
> common law wrongful discharge is not available in Oregon if (1) an existing remedy
> adequately protects the public interest in question, or (2) the legislature has
> intentionally abrogated the common law remedies by establishing an exclusive
> remedy (regardless of whether the courts perceive that remedy to be adequate)."

Id. at 1130-31.  Judge Stewart recently revisited the issue, in determining the preclusive effect of

ORS 654.062(5), and adhered to her previous analysis and conclusion.  Cantley v. DSMF, Inc., 422

F. Supp. 2d 1214, 1222 (D. Or. 2006).

Defendant argues that the Draper analysis is correct and plaintiff's wrongful discharge claim

is precluded because section 1981 provides adequate remedies to protect the interest she seeks to

vindicate through her tort claim.  In fact, defendant notes that the range of damages available under

42 U.S.C. § 1981 is actually broader than that available for wrongful discharge.  The statutory

remedies include declaratory and injunctive relief as well as economic, non-economic and punitive

damages, plus attorney fees.  42 U.S.C. § 1988.  Attorney fees, on the other hand, are not

recoverable for a prevailing plaintiff on a claim of wrongful discharge.  See Dunwoody, 185 Or.

App. at 615  (noting that wrongful discharge claim provides full range of economic and emotional

distress damages).  Moreover, the damages available under 42 U.S.C. § 1981 are uncapped.  Pavon

v. Swift Transp. Co., Inc., 192 F.3d 902, 910 n. 2 (9th Cir. 1999).  Because it provides a full range

of remedies, even more broad than those provided to a plaintiff  prevailing on a wrongful discharge

claim, section 1981 adequately protects the interests that plaintiff seeks to vindicate through her tort

claim.[1] Consequently, plaintiff's claim of wrongful discharge is precluded by section 1981 and must be dismissed.

## II.    **Reckless Infliction of Emotional Distress**

Defendant seeks dismissal of plaintiff's claim for reckless infliction of emotional distress ("RIED") on the grounds that it is not cognizable under Oregon law, and alternatively, that it is precluded by workers' compensation.  The latter of these two arguments is discussed first.

### A.    Preclusive Effect of the Workers' Compensation Statutes

Defendant argues that plaintiff's RIED claim should be dismissed pursuant to ORS 656.018, which generally provides that workers' compensation is the exclusive remedy for injuries to employees "arising out of and in the course of employment."   Defendant further argues RIED cannot be maintained in light of ORS 656.018(3)(a) or ORS 656.156(2), which allow relief outside of workers' compensation for injuries the employer intended to cause, because RIED is necessarily premised upon reckless—rather than intentional—conduct.

Defendant is correct that, in general, recklessness on the part of the employer does not permit an employee to pursue a claim other than through the workers' compensation statutes.  See Rangel v. Denton Plastics, Inc., 148 Or. App. 328, 333, 939 P.2d 644 (1997) (employer's gross negligence, carelessness, recklessness or conscious indifference do not meet the intent-to-injure standard of ORS 656.156(2)); Lusk v. Monaco Motor Homes, Inc., 97 Or. App. 182, 188, 775 P.2d 891 (1989) (deliberate intent to injure in ORS 656.156(2) means employer had opportunity to weigh

---

[1]Neither party in the present case addresses the second prong of the analysis—whether the legislature intended to abrogate common law remedies when it enacted 42 U.S.C. § 1981. However, since the tort of wrongful discharge was not recognized until 1975 in Nees v. Hocks, 272 Or. 210, 536 P.2d 512 (1975), "[i]f an intent to abrogate was the only standard, then every statutory remedy in existence in 1975 [would] fail[] the test."  Draper, 995 F. Supp at 1128.

consequences and make conscious choice among possible courses of action).

Plaintiff responds that regardless of defendant's alleged mental state, her RIED claim is not "compensable," and consequently not precluded, under workers' compensation. For an injury to be compensable, it must "aris[e] out of and in the course of employment." ORS ORS 656.005(7)(a). That same language limits the exclusivity provision. ORS 656.018(1)(a), (7). Thus, plaintiff is correct that workers' compensation is not the exclusive remedy for injuries that do not arise out of, and occur in the course of, employment

Plaintiff argues that the RIED claim did not arise out of or occur in the course of her employment, because she did not expect, nor should she have expected, to be subject to unlawful discrimination and retaliation in her place of work. See Plaintiff's Response to Defendant's Motion to Dismiss, pp. 5-6. The worker's expectations, however, are not the standard by which compensability is judged. Rather, the pertinent inquiry is whether the time, place and circumstances of the injury justify connecting it to the claimant's employment. Andrews v. Tektronix, Inc., 323 Or. 154, 162, 915 P.2d 972 (1996).

In this case, the allegations of discrimination and retaliation that form the basis of plaintiff's RIED claim are identical to those upon which she bases her statutory claims of employment discrimination. Complaint, ¶ 79. As such, it would be reasonable to conclude that the RIED claim arose out of and occurred in the course of plaintiff's employment, in which case the resulting injury would be compensable and precluded by workers' compensation. However, at this stage in the proceeding, the claim may not be dismissed unless plaintiff can prove *no* set of facts to support it. See also Robinson v. Nabisco, Inc., 331 Or. 178, 185, 11 P.3d 1286 (2000) (whether circumstances are sufficient to connect injuries to plaintiff's employment is evaluated under the facts of each case).

5 - OPINION AND ORDER

Based solely on the pleadings, it would be premature to dismiss plaintiff's RIED claim as precluded by ORS 656.018.

      B.    <u>Existence of RIED Claim Under Oregon Law</u>

Defendant also argues that RIED is not a cognizable claim under Oregon law.  Plaintiff concedes that in <u>Snead v. Metropolitan Property</u>, another judge in this district concluded that "there is no cognizable claim for the reckless infliction of emotional distress under the laws of the state of Oregon." 909 F. Supp. 2d 775, 779 (1996).  Plaintiff asserts that <u>Snead</u> is erroneous and that Oregon law imposes liability for severe emotional distress whether it is caused intentionally or recklessly.

Plaintiff cites two cases from the Oregon Court of Appeals for the proposition that an employee may recover damages for RIED from an employer because of the special relationship that exists generally between employers and employees.  The cases plaintiff cites, <u>Conway v. Pacific University</u>, 129 Or. App. 307, 879 P.2d 201 (1994), and <u>Bodewig v. K-Mart, Inc.</u>, 54 Or. App. 480, 635 P.2d 657 (1981), <u>rev. den</u>, 292 Or. 450 (1982), however, rely on a theory of recovery that was expressly disavowed in <u>McGanty v. Staudenraus</u>, 321 Or. 532, 901 P.2d 841 (1995).

In that case, the Oregon Supreme Court clarified that the tort of intentional infliction of emotional distress ("IIED") does not require purposefulness, *i.e.*, that a party act with the purpose of inflicting severe emotional distress.  321 Or. at 549.  Rather, the court concluded that it is sufficient "if the actor knows that the consequences are certain, or substantially certain, to result from his act." 321 Or. at 550.  Because the plaintiff pleaded that the defendants "knew or should have known that their actions would cause severe emotional distress," the trial court erred in dismissing the plaintiff's claim for IIED.  321 Or.  at 551.

In the course of reaching that conclusion, the court deemed erroneous prior case law in which

the relationship between the parties had an effect on the level of intent required to establish liability. 321 Or. at 545-48.  In so doing, McGanty abrogated cases such as Hall v. The May Dept. Stores, 292 Or. 131, 637 P.2d 126 (1981), in which an employer-employee relationship was the basis for allowing liability for RIED, concluding these cases had erroneously interpreted certain prior cases, 321 Or. at 546-49, which were also misapplied in Bodewig, 54 Or. App. at 485-86, upon which Conway, in turn,  relied, 129 Or. App. at 310.

> Specifically, the court explained:
>
> "[T]he court in Hall reiterated the error made in Brewer, by asserting that this court's cases had held that the nature of the relationship between the parties has some bearing on the level of intent required to impose liability for the tort.  Again, the court's reliance on Pakos, Rockhill, Turman, and Brewer was misplaced.  As discussed above, in none of those cases did the decision turn on whether the relationship between the parties had affected the *level of intent* required to establish liability.  Rather, all those cases decided whether the nature of the relationship between the parties had affected what type of conduct would be actionable."

321 Or. at 548.  In the wake of McGanty, a special relationship between the parties, such as employer-employee, is no longer a basis upon which recovery may be had for RIED.

That is not to say that damages may never be had for RIED.  "Oregon allows recovery for emotional distress without accompanying physical injury under narrow circumstances, including when a defendant's conduct infringes on a plaintiff's legally protected interest."  Rathgeber v. Hemenway, Inc., 335 Or. 404, 414, 69 P.3d 710 (2003), citing Hammond v. Central Lane Communications Center, 312 Or. 17, 23, 816 P.2d 593 (1991); see also Drake v. Mutual of Enumclaw Ins. Co., 167 Or. App. 475, n. 3, 1 P.3d 1065 (2000) (recovery for RIED requires either physical injury or violation of a sufficiently protected interest).

Oregon also allows recovery for RIED, or even negligent infliction of emotional distress, in cases of malpractice if a plaintiff pleads and proves a standard of care that includes a duty to protect

7 - OPINION AND ORDER

against psychic harm.  Rathgeber, 335 Or. at 415, citing Curtis v. MRI Imaging Services, 327 Or. 9, 14-15, 959 P.2d 960 (1998); see also Simons v. Beard, 188 Or. App. 370, 376, 381-82, 72 P.3d 96 (2003) (damages are recoverable for negligent infliction of emotional distress if there is a physical impact or in a claim of malpractice when a specific duty to avoid psychological harm is breached).

In the present case, plaintiff's complaint fails to allege any circumstances, such as harm to a legally protected interest or existence and breach of a duty to avoid causing psychological harm, that would render her claim for RIED cognizable under Oregon law.  As explained above, the mere existence of an employee-employer relationship between plaintiff and defendant is no longer sufficient to impose liability for RIED.

Plaintiff also cites Checkley v. Boyd, 170 Or. App. 721, 14 P.3d 81 (2000), and Delaney v. Clifton, 180 Or. App. 119, 41 P.3d 1099 (2002), for the proposition that RIED is cognizable, because these cases hold that damages for purely emotional injury are recoverable if a defendant knows that emotional distress is substantially certain to result from its actions.  Plaintiff misinterprets these cases, which address the mental state necessary to support a claim of IIED, not RIED.  Delaney, 180 Or. App at 129-32; Checkley, 170 Or. App at 726.  The portions of these opinions quoted in plaintiff's opposition refer to the elements of IIED enunciated in McGanty.  See Delaney, 180 Or. App at 132; Checkley, 170 Or. App at 726.  Moreover, the fact that Oregon allows recovery for IIED when a defendant knows that emotional distress is a substantially certain result, in addition to when a defendant intends to cause emotional distress,  does not render RIED a separately cognizable claim.  The alternative mental state merely defines one end of the spectrum of intent that is sufficient to establish IIED.

8 - OPINION AND ORDER

Snead was an employment dispute, and as other judges in this district have recognized, it continues to be an accurate statement of Oregon law to be applied in that context. See LaFrance v. US Filter, 2006 WL 3097422*2 (D. Or. 2006); Logan v. West Coast Benson Hotel, 981 F. Supp. 1301, 1322 (D. Or. 1997). The cases cited by plaintiff are inapposite and do not undermine Snead. Because Oregon law does not allow recovery for RIED as alleged in plaintiff's fifth claim for relief, defendant's motion to dismiss that claim is granted.

## III.   Intentional Infliction of Emotional Distress

Defendant asserts that plaintiff's claim for IIED must be dismissed because the allegations do not support that defendant engaged in socially intolerable conduct as required to prove a *prima facie* case. Under federal notice pleading standards plaintiff need not allege specific facts in support of the elements of her claim. At this stage, defendant's motion to dismiss must be denied unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Considering federal pleading standards and viewing the allegations in the light most favorable to plaintiff, defendant's motion to dismiss her IIED claim cannot be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9 - OPINION AND ORDER

## <u>CONCLUSION</u>

For these reasons, defendant's Motion to Dismiss (docket No. 5) is GRANTED IN PART AND DENIED IN PART. Specifically, plaintiff's claim for wrongful discharge is dismissed because adequate statutory remedies are already available to her under 42 U.S.C. § 1981, and plaintiff's claim for reckless infliction of emotional distress is dismissed because it is not cognizable under Oregon law.

DATED this 26th day of January, 2007.

/s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge